NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

_____

MICHELE M., *Appellant,*

*v.*

ARIZONA DEPARTMENT OF ECONOMIC SECURITY, G.C., S.C., F.C.,
*Appellees.*

No. 1 CA-JV 13-0280
FILED 06-03-2014

_____

Appeal from the Superior Court in Maricopa County
No. JD508437
The Honorable Peter A. Thompson, Judge

**AFFIRMED**

_____

COUNSEL

The Stavris Law Firm, PLLC, Scottsdale
By Alison Stavris
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Michael F. Valenzuela
*Counsel for Appellees*

---

## MEMORANDUM DECISION

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge Kent E. Cattani joined.

---

**T H U M M A**, Judge:

**¶1**        Michele M. (Mother) challenges the superior court's termination of her parental rights to her biological children F.C., G.C. and S.C. (collectively the Children).[1] Finding no error, this court affirms.

### FACTS[2] AND PROCEDURAL HISTORY

**¶2**        In March 2010 the Arizona Department of Economic Security (ADES) filed a dependency petition alleging, as to Mother, that the Children were dependent because Mother was homeless, unemployed, could not protect the Children from sexual abuse and had substance abuse problems. The Children were found dependent as to Mother and the superior court adopted a case plan of family reunification.

**¶3**        In December 2011, ADES changed the case plan to severance and adoption and ADES filed a motion to terminate the parent-child relationship, alleging as grounds mental illness and fifteen-months time-in-care. Mother contested the petition, and the superior court held a three-day trial at which Mother testified, as did an ADES case worker and a treating psychiatrist. In October 2013, the superior court found ADES had met its burden of proof on both grounds and, finding termination was in the best interest of the Children, granted ADES' motion. *See* Arizona

---

[1] The caption has been amended to safeguard the juveniles' identity pursuant to Administrative Order 2013-0001. The Children's Father is not a party to this appeal.

[2] This court views the evidence in a light most favorable to sustaining the superior court's findings. *See Manuel M. v. Ariz. Dep't of Econ. Sec.*, 218 Ariz. 205, 207 ¶ 2, 181 P.3d 1126, 1128 (App. 2008).

Revised Statutes (A.R.S.) section 8-533(B)(3)-(B)(8)(c) (2014).[3] This court has jurisdiction over Mother's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. § 8-235(A).

## DISCUSSION

### I.      Standard Of Review.

**¶4**          As applicable here, the superior court may terminate a parent-child relationship if ADES proves by clear and convincing evidence at least one statutory ground for severance as set forth in A.R.S. § 8-533(B) and proves by a preponderance of the evidence that termination is in the best interest of the child. *See Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 249 ¶ 12, 995 P.2d 682, 685 (2000) (outlining statutory procedures for terminating parental rights); *see also Marina P. v. Ariz. Dep't of Econ. Sec.*, 214 Ariz. 326, 329 ¶ 18, 152 P.3d 1209, 1212 (App. 2007). This court will reverse an order terminating parental rights only if the necessary factual findings are clearly erroneous or not supported by the record. *See Audra T. v. Ariz. Dep't of Econ. Sec.*, 194 Ariz. 376, 377 ¶ 2, 982 P.2d 1290, 1291 (App. 1998).

### II.      The Superior Court Properly Granted The Motion To Terminate Based On Fifteen-Months Time-In-Care.

**¶5**          The fifteen-months time-in-care ground requires proof that:

> The child has been in an out-of-home placement for a cumulative total period of fifteen months or longer pursuant to court order or voluntary placement pursuant to [A.R.S.] § 8-806, the parent has been unable to remedy the circumstances that cause the child to be in an out-of-home placement and there is a substantial likelihood that the parent will not be capable of exercising proper and effective parental care and control in the future.

A.R.S. § 8-533(B)(8)(c). Mother does not dispute that the Children have been in an out-of-home placement pursuant to court order for a cumulative total period exceeding fifteen months. Instead, Mother argues

---

[3] Absent material revisions after the relevant dates, statutes cited refer to the current version unless otherwise indicated.

that the superior court erred in finding that "Mother has been unable to remedy the circumstances that initiated the out-of-home placement; and . . . there is a substantial likelihood that she will not be capable of exercising proper control in the near future."

¶6            At the time of the termination trial, Mother was unemployed, not able to qualify for several benefit programs (meaning she lacked a steady source of support) and did not have appropriate stable housing. A doctor who conducted three psychological assessments of Mother opined that her medical and behavioral health problems "are really going to affect her ability to function effectively as a parent," and that "she's going to have enough trouble just taking care of her own needs, let alone that of three or four dependent children." When testifying, Mother admitted that "as of today, [she was] not able to care for the children."[4] Based on this record, the superior court did not err in finding that Mother had been unable to remedy the circumstances that caused the out-of-home placement and that there was a substantial likelihood that she would not be able to properly parent in the future. Accordingly, the superior court did not err in finding that ADES had shown the fifteen-months time-in-care ground for termination.[5]

## III.    The Superior Court Properly Found ADES Provided Appropriate Reunification Services.

¶7            ADES has "statutory and constitutional obligations to make reasonable efforts to reunify" families. *Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 93 ¶ 19, 219 P.3d 296, 303 (App. 2009). This obligation includes "a diligent effort to provide appropriate reunification services." A.R.S. § 8-533(B)(8). Here, the superior court found that Mother was offered adequate reunification services. Mother was offered, and participated in, parent-aid services, drug testing, domestic violence

---

[4] To Mother's credit, she has taken significant steps to address her substance abuse problem and took an active role in evaluating her risk of being a victim of domestic violence.

[5] Because the court affirms termination on this ground, it need not address Mother's argument that termination was improper under A.R.S. § 8-533(B)(3). *Jesus M. v. Ariz. Dept' of Econ. Sec.*, 203 Ariz. 278, 280 ¶ 3, 53 P.3d 203, 205 (App. 2002) (noting if one ground for severance is properly shown, this court "need not address claims pertaining to the other grounds").

counseling, substance abuse treatment, outpatient mental-health counseling, and group counseling. She was also provided with transportation services. In fact, Mother agrees that "[d]uring the course of the dependency [she] was participating in a variety of services."

**¶8** Even so, Mother argues that ADES did not meet its obligation because it "did not implement recommendations by its providers" and did not notify her of child and family team meetings. ADES is not required to provide "every conceivable service" to a parent. *See Maricopa Cnty. Juv. Action No. JS-501904*, 180 Ariz. 348, 353, 884 P.2d 234, 239 (App. 1994). From the record, Mother was provided reunification services for a substantial period of time far exceeding 15 months and ADES met its burden of showing those services were appropriate. While Mother may have wanted additional services, reasonable evidence supports the superior court's finding that ADES provided appropriate reunification services.

## IV. The Superior Court's Findings That Termination Was In The Best Interest Of The Children Is Supported By The Evidence.

**¶9** "[A] determination of the child's best interest must include a finding as to how the child would benefit from a severance *or* be harmed by the continuation of the relationship." *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 50 ¶ 19, 83 P.3d 43, 50 (App. 2004) (citation omitted); *see also Jesus M.*, 203 Ariz. at 282 ¶¶ 13-14, 53 P.3d at 207 (discussing best interest analysis, noting "'[o]ne factor the court may properly consider in favor of severance is the immediate availability of an adoptive placement. Another is whether an existing placement is meeting the needs of the child'") (citation omitted).

**¶10** The superior court properly found that termination was in the best interest of the Children because "termination will make the children available for adoption and provide for a safe, permanent and stable placement capable of addressing all of the children's physical, medical, educational, economic and special needs." This finding was supported by testimony from a case worker and the Children's Court Appointed Special Advocate, both of whom testified as to the Children's adoptability and current placements, two of which are potential adoptive placements. On this record, reasonable evidence supports the superior court's finding that termination was in the Children's best interest.

## CONCLUSION

¶11  The superior court's order terminating Mother's parental relationship with F.C, G.C. and S.C. is affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: gsh