NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STEPHANIE M.,
*Appellant,*

v.

DEPARTMENT OF CHILD SAFETY, A.M.,
*Appellees.*

No. 1 CA-JV 15-0061
FILED 7-28-2015

Appeal from the Superior Court in Maricopa County
No. JD27871
The Honorable Connie Contes, Judge

**AFFIRMED IN PART, VACATED AND REMANDED IN PART**

COUNSEL

Vierling Law Offices, Phoenix
By Thomas A. Vierling
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Eric K. Knobloch
*Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge Maurice Portley joined.

---

**O R O Z C O**, Judge:

¶1            Stephanie M. (Mother) appeals the juvenile court's order terminating her parental rights to A.M. (Child).  Because we conclude the juvenile court acted within its discretion in determining Mother failed to appear without good cause shown, we affirm the grounds for termination. The juvenile court made insufficient findings concerning Child's best interests, and we therefore vacate the termination order and remand for findings on best interests in accordance with Arizona law.

**FACTS AND PROCEDURAL HISTORY**

¶2            Child was born in October 2011.  The Department of Child Safety (DCS) took custody of Child in February 2014 after police found Mother intoxicated in a car parked at a traffic light.  Child was in the car with Mother and was observed to be filthy and covered with scratches and sores.  DCS filed a dependency petition that alleged Mother was neglecting Child due to substance abuse.  Child was found dependent as to Mother and a family reunification case plan was established.  Mother was offered services including substance abuse testing and treatment, psychological evaluations, parenting classes, parent-aide services, and supervised visitation.

¶3            Mother either did not participate or minimally participated in the offered services.  After Mother failed to appear at a report and review hearing because she was in jail, DCS moved to change the case plan to severance and adoption, and the juvenile court agreed.  DCS moved to terminate Mother's parental rights under Arizona Revised Statutes (A.R.S.) sections 8-533.B.1, abandonment, -533.B.3., chronic substance abuse, and -533.B.8(b), six months' out-of-home placement.

¶4            DCS filed a notice of hearing on the termination motion, which warned Mother that her failure to personally appear "may result in a finding that you have waived your legal rights and have admitted the allegations in the Motion."  The notice also informed Mother that the

2

hearing may proceed "if you fail to appear without good cause," and her parental rights could be terminated "based upon the record and the evidence presented to the Court." Additionally, the juvenile court ordered the Maricopa County Sheriff's Office to secure Mother's attendance at the severance hearing.

¶5 Mother did not appear at the initial termination hearing, but her appearance was waived by the juvenile court because Mother had been extradited to Illinois. The juvenile court found that service on Mother was complete through counsel, and the court ordered the community coordinator to "assist in locating [Mother] while she is incarcerated in Illinois so that she may appear telephonically at the Continued Initial Severance Hearing." The juvenile court also ordered that Mother appear in person "if Mother is out of custody and back in Arizona at the time of the Continued Initial [Termination]."

¶6 Mother failed to appear at the continued initial termination hearing. Although Mother was no longer in jail, the juvenile court noted that the parties "do not have information relating to [M]other's current whereabouts in Illinois." Accordingly, the juvenile court found Mother had failed to appear with no good cause "known or showed" and she had thus "waived her right to contest" the termination motion. Subsequently, the juvenile court heard testimony and admitted evidence regarding the termination motion. Based on the evidence and testimony presented, the juvenile court terminated Mother's parental rights after finding that DCS proved, by clear and convincing evidence, all three alleged statutory grounds for termination and that termination was in Child's best interests.

¶7 Approximately two weeks later, Mother, through counsel, moved to set aside the termination order, alleging that Mother had "called the telephone number she was provided by the case manager on the morning of [the continued severance hearing] and was placed on hold. Then the line was disconnected. Mother claims she called back approximately four to five times and the calls were either disconnected or not answered." In its response, DCS argued that Mother never claimed she attempted to contact DCS or her attorney for assistance, and Mother could not corroborate, by affidavit or otherwise, her claim about disconnected or unanswered calls. The juvenile court denied Mother's motion to set aside.

¶8 Mother timely appealed. This court has jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, A.R.S §§ 8-235.A, 12-

120.21.A.1, and -2101.A (West 2015),[1] and Arizona Rule of Procedure for the Juvenile Court 103(A).

**DISCUSSION**

**¶9** Mother's sole argument on appeal is that she was denied due process by the juvenile court's finding that she failed to appear without good cause shown and the juvenile court's failure to hold a hearing on her motion to set aside the termination order. We review the juvenile court's denial of the motion to set aside a termination order for an abuse of discretion. *See Christy A. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 299, 305, ¶ 19 (App. 2007).

**¶10** Mother contends that in failing to set a hearing on the motion to set aside the termination order, the juvenile court "did not have an adequate evidentiary basis to conclude that Mother's failure to appear was the product of her own voluntary, knowing, and intelligent conduct or waiver." However, Arizona law does not require a juvenile court to conduct a hearing on a motion to set aside a termination order. Arizona Rule of Procedure for Juvenile Court (Rule) 64.C provides that a parent contesting a termination motion must receive a "notice of hearing" informing the parent that a failure to appear may result in proceedings going forward, which "may result in the termination of parental rights based upon the record and evidence presented." Rule 65.C.6.c additionally requires merely that a juvenile court may proceed with adjudicating a termination if:

> [T]he court finds the parent . . . had notice of the hearing, was properly served pursuant to Rule 64 and had been previously admonished regarding the consequences of failure to appear, including a warning that the hearing could go forward in the absence of the parent . . . and that failure to appear may constitute a waiver of rights and an admission to the allegations contained in the termination motion or petition.

*See also* A.R.S. § 8-537.C (West 2015).

**¶11** Here, it is uncontested that Mother had notice of the continued severance hearing, and the juvenile court found proper service through counsel. Although Mother contends that "there is no record showing that Mother received a Form [3] informing her of the consequences

---

[1] We cite the current version of applicable statutes and rules when no revisions material to this decision have since occurred.

. . . if she fails to appear[,]" she does not assert she never received the Notice of Hearing filed by DCS with the written termination motion. The Notice of Hearing stated:

> You have a right to appear as a party in this proceeding. You are advised that your failure to personally appear in court at the initial hearing, pretrial conference, status conference, or termination adjudication, without good cause shown, may result in a finding that you have waived your legal rights and have admitted the allegations in the Motion. In addition, if you fail to appear without good cause, the hearing may go forward in your absence and may result in termination of your parental rights based upon the record and the evidence presented to the Court.

This language sufficiently admonished Mother of the possible consequences that failing to appear could produce. Arizona law does not require an admonition be made on a Form 3. *See* Ariz. R.P. Juv. Ct. 64.C. We therefore conclude that the Notice of Hearing was a sufficient admonition of potential consequences in this case.

¶12      Even if the juvenile court had granted Mother a hearing on the motion to set aside the termination order, Mother made no claim and presented no evidence suggesting she could corroborate her assertion of faulty telephonic communications as the reason for her failure to appear or that she had a meritorious defense. *See Christy A*., 217 Ariz. at 304, ¶ 16 (noting that meritorious defenses cannot be established merely by conclusions, assumptions, or affidavits based on anything other than personal knowledge). Accordingly, the juvenile court did not abuse its discretion in finding Mother had failed to appear without good cause shown.

¶13      Although Mother waived her rights by failing to appear without good cause shown, the juvenile court was still required to assess the record and evidence presented to determine whether the legal grounds for termination were established. *See Manuel M. v. Ariz. Dep't of Econ. Sec.*, 218 Ariz. 205, 213, ¶ 28 (App. 2008). Terminating parental rights is a two-step process that requires: (1) finding one of the grounds for termination in A.R.S. § 8-533.B established by clear and convincing evidence; and (2) a preponderance of evidence that termination is in the child's best interests. *Ariz. Dep't of Econ. Sec. v. Rocky J.*, 234 Ariz. 437, 440, ¶ 13 (App. 2014).

¶14 The record supports the Juvenile court's finding that DCS established grounds for termination by clear and convincing evidence. Mother was reportedly "high" when police encountered her in the event that led to DCS's involvement with Child. Mother repeatedly tested positive for drugs while receiving services from DCS, and she did not or could not provide a prescription for any drugs. Mother reportedly admitted to a parent aide in August 2014 that she had a "pain pill" habit. Although Mother received drug testing services and a TERROS referral from DCS, Mother minimally participated and did not complete any of the offered services. Accordingly, the juvenile court reasonably concluded that Mother is unable to discharge her parental responsibilities due to chronic substance abuse and that Mother's condition will continue for a prolonged indeterminate period. *See* A.R.S. § 8-533.B.3.

¶15 Concerning the juvenile court's best interests finding, both the hearing transcript and the juvenile court's minute entry simply state that DCS "met its burden of proof by a preponderance of the evidence that termination is in the best interests of [Child]." Our supreme court has held, however, that "a determination of the child's best interest[s] must include a finding as to how the child would benefit from a severance or be harmed by the continuation of the relationship." *Maricopa Cnty. Juv. Action No. JS-500274*, 167 Ariz. 1, 5 (1990). Findings must be specific enough to allow the appellate court "to determine exactly which issues were decided and whether the lower court correctly applied the law." *Ruben M. v. Ariz. Dep't of Econ. Sec.*, 230 Ariz. 236, 240, ¶ 24 (App. 2012); *see also* Ariz. R.P. Juv. Ct. 66.F.2.a.

¶16 Here, the general statement that DCS met its burden of proof, without any indication of the conclusions drawn by the juvenile court about how terminating Mother's parental rights would benefit Child or prevent further harm, is insufficient to allow this court to review whether the law was correctly applied. Although the record contains evidence that Child is adoptable and in an adoptive placement, *see Audra T. v. Ariz. Dep't of Econ. Sec.*, 194 Ariz. 376, 378, ¶ 6 (App. 1998) (affirming a best interests finding based on evidence that the child was adoptable and in an adoptive placement), the juvenile court – not this court – is required to make best interest findings. We therefore affirm the juvenile court's findings pursuant to A.R.S. § 8-533, but vacate its finding that termination was in Child's best interest. We remand to the juvenile court to reconsider whether termination is in Child's best interest. We leave it to the discretion of the juvenile court to determine whether further testimony is necessary or if it can make specific findings from the current record.

**CONCLUSION**

**¶17**        The juvenile court did not abuse its discretion in finding Mother failed to appear with no good cause shown and subsequently denying Mother's motion to reconsider without a hearing.  Although we affirm the termination grounds, because the juvenile court's findings on Child's best interests are insufficient, we remand to the juvenile court to make specific findings in accordance with Arizona law and to enter any other orders it deems necessary.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama