NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

DOMINIQUE M, *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, J.M., A.M., *Appellees*.

No. 1 CA-JV 15-0032
FILED 10-15-15

Appeal from the Superior Court in Maricopa County
No. JD18130
The Honorable Daniel G. Martin, Judge

**AFFIRMED**

COUNSEL

Law Office of Anne M. Williams, P.C., Mesa
By Anne M. Williams
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Nicholas Chapman-Hushek
*Counsel for Appellee Department of Child Safety*

---

### MEMORANDUM DECISION

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Jon W. Thompson joined.

---

**W I N T H R O P**, Judge:

¶1　　　　Dominique M. ("Mother") appeals the juvenile court's order terminating her parental rights to J.M. and A.M. (collectively "the Children"). Mother does not contest the finding of statutory grounds for severance, but contends the juvenile court erred in concluding severance was in the Children's best interest. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2　　　　J.M. is a male child born in 2010, and A.M. is a female child born in 2013. Both came into care of the Department of Child Safety ("DCS") due to domestic violence, substance abuse, Mother's mental illness, and the then-ongoing severance proceedings of Mother's two other children. The trial court found J.M. and A.M. dependent as to Mother in August 2012 and September 2013, respectively.

¶3　　　　DCS offered Mother an array of services and assistance— such as substance rehabilitation services, parental aide services, mental health treatment and counseling, and transportation—geared toward reunification. Mother, however, failed to fully comply and remained unable to discharge her parental responsibilities. She was still engaged in domestic violence. Mother also did not regularly participate in drug testing and, when she participated, she did not consistently test negative for illegal substances. As for her mental health, Mother refused to take medication prescribed for her psychiatric and psychological conditions, instead relying on Benadryl and marijuana, for which she did not hold a valid medical marijuana card.

**¶4** In September 2013, the Children's guardian ad litem moved to sever the parental relationship between Mother[1] and the Children on the grounds of willful abuse, mental illness, chronic abuse of dangerous drugs, prior termination of parental rights for the same cause,[2] cumulative fifteen-month out-of-home placement, cumulative six-month out-of-home placement (for A.M. only), and asserted severance would serve the best interest of the Children. *See* Ariz. Rev. Stat. ("A.R.S.") § 8-533(B)(2), (3), (8)(b)–(c), (10).[3] After a bench trial, the juvenile court found DCS had met its burden of proving the various statutory grounds and that severing Mother's parental rights was in the Children's best interest.

**¶5** Mother timely appealed. We have appellate jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9; A.R.S. § 8-235(A); and Rule 103(A) of the Arizona Rules of Procedure for the Juvenile Court.

## ANALYSIS

**¶6** Mother appeals only the juvenile court's finding that termination of her parental rights was in the Children's best interest. On appeal, we do not reweigh evidence and will affirm the juvenile court's fact findings if supported by reasonable evidence. *Denise R. v. Ariz. Dep't of Econ. Sec.*, 221 Ariz. 92, 93–94, ¶ 4, 210 P.3d 1263, 1264–65 (App. 2009); *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 282, ¶ 12, 53 P.3d 203, 207 (App. 2002).

**¶7** Parental rights in the care, custody, and management of their children are fundamental, but not absolute. *Kent K. v. Bobby M.*, 210 Ariz. 279, 284, ¶ 24, 110 P.3d 1013, 1018 (2005) (citing *Santosky v. Kramer*, 455 U.S. 745, 753 (1982); *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 248, ¶¶ 11-12, 995 P.2d 682, 684 (2000)). Throughout her appeal, Mother stresses the fundamental nature of parental rights and argues, because of that, this court should "bend over backwards" to not sever those rights. We disagree. Although fundamental, parental rights are not inviolate; a court may still

---

[1] The guardian ad litem also asked to terminate the Children's fathers' parental rights in the motion. The fathers have separately appealed the juvenile court's rulings.

[2] Mother's rights to her two other children were previously terminated in a separate proceeding less than two years ago.

[3] We cite the current version of the applicable statutes unless revisions material to this decision have occurred since the events in question.

sever those rights if it finds clear and convincing evidence of one of the statutory grounds for severance, and finds by a preponderance of the evidence that severance is in the best interest of the children. *See* A.R.S. §§ 8-533(B), -537(B); *Kent K.*, 210 Ariz. at 281–82, 288, ¶¶ 7, 41, 110 P.3d at 1015–16, 1022. Mother does not contest the juvenile court's findings on the statutory grounds and, thus, has waived any argument on those grounds in this appeal. *See Childress Buick Co. v. O'Connell*, 198 Ariz. 454, 459, ¶ 29, 11 P.3d 413, 418 (App. 2000) (stating that issues not raised in appellate briefs are deemed waived).

¶8 In proving severance is in the Children's best interest, DCS must show either that severance affirmatively benefits the Children because they are adoptable or more stable in an existing placement, or eliminates a threat or detriment to the children if the relationship between the parent and the children were allowed to continue. *Maricopa Cty. Juv. Action No. JS-500274*, 167 Ariz. 1, 6–7, 804 P.2d 730, 735–36 (1990); *Ariz. Dep't of Econ. Sec. v. Oscar O.*, 209 Ariz. 332, 334, ¶ 6, 100 P.3d 943, 945 (App. 2004).

¶9 On appeal, Mother contends DCS failed to show the benefits of severance, arguing that she and the Children were bonded; that J.M. was happy, clean, and well-loved under her care; that she had regularly visited the Children and brought food, clothing, money, and gifts with her to the visits; and that DCS lacked an adoptive plan for J.M. Even assuming *arguendo* the record supports these contentions, Mother is in essence asking us to reweigh the evidence presented to the juvenile court. We decline to do so.

¶10 Reasonable evidence in the record supports the juvenile court's finding that severance was in the best interest of the Children. The juvenile court expressly found DCS had met its burden of proving best interest. In particular, the court found that A.M.'s prospective adoptive placement would meet her needs and provide stability, and that J.M. was adoptable. Severance would make the Children eligible for adoption and, thus, permanency could be provided. At the same time, the juvenile court found that, if the parental relationship continued, the Children would remain at significant risk for abuse and neglect. These findings demonstrate both affirmative benefits from severance and the elimination of potential threats and detriments in continuation of the relationship. *See JS-500274*, 167 Ariz. at 6, 804 P.2d at 735 (recognizing that the existence of an adoptive plan or being freed from an abusive parent shows a benefit).

¶11 Mother contends severing her relationship with J.M. would be detrimental to him because DCS currently does not have an adoptive

plan for him and he would be "orphaned" after the severance. Mother, however, does not deny that J.M. is adoptable, and it is well established that "adoptable" status is enough of an objective benefit to legally support the "best interest" prong of the severance statute. *See Maricopa Cty. Juv. Action No. JS-501904*, 180 Ariz. 348, 352, 884 P.2d 234, 238 (App. 1994) (stating the government did not need to show an adoption plan existed, but did need to show the child is adoptable). Moreover, even without an adoptive placement waiting, the evidence in the record demonstrates the Children's needs are being met in their current placements, which also supports the juvenile court's best interest finding. *See Audra T. v. Ariz. Dep't of Econ. Sec.*, 194 Ariz. 376, 377, ¶ 5, 982 P.2d 1290, 1291 (App. 1998). In addition, Mother did not contest any of the statutory grounds for severance. The presence of the conceded statutory grounds for severance may also negatively affect the children. *Bennigno R. v. Ariz. Dep't of Econ. Sec.*, 233 Ariz. 345, 350, ¶ 23, 312 P.3d 861, 866 (App. 2013). All of these factors demonstrate the benefits of severance or the detriment of a continued parental relationship, and more than adequately support the conclusion that reasonable evidence supports the trial court's finding of best interest.

**¶12**        Lastly, Mother repeatedly states she and the Children are bonded and argues that continuing her relationship with the Children is critical to maintaining such bond, which would in her opinion be in their best interest. The existence and effect of a bonded relationship may actually be a detriment to the Children's ability to protect themselves from continuing neglect or abuse. *See In re Rafael S.*, 9 A.3d 417, 423 (Conn. App. Ct. 2010); *In re T.S.M.*, 71 A.3d 251, 269 (Pa. 2013). Even in the face of a bonded relationship, courts are required to evaluate the totality of circumstances and determine whether severance is in the best interest of the children. *In re Rafael S.*, 9 A.3d at 423. As concluded above, reasonable evidence in the record supports the trial court's finding of best interest.

**CONCLUSION**

**¶13**        For the foregoing reasons, we affirm the juvenile court's order terminating Mother's parental rights.



Ruth A. Willingham · Clerk of the Court
FILED : jt