982 P.2d 1290

**AUDRA and Martin T., Appellants,**

v.

**ARIZONA DEPARTMENT OF ECONOMIC SECURITY and Dustin T., Appellees.**

**No. 2 CA–JV 97–0068.**

Court of Appeals of Arizona, Division 2, Department A.

April 23, 1998.

Redesignated as Opinion and Publication Ordered May 27, 1998.

Grant Woods, The Attorney General by Sara S. Wisdom, Tucson, Attorneys for Appellee Arizona Department of Economic Security.

León Law Office, P.C. by Julia L. León, Tucson, Attorneys for Appellant Audra T.

Karen M. Hayden, Tucson, Attorney for Appellant Martin T.

DRUKE, Chief Judge.

¶ 1 The parents of Dustin T. appeal from the juvenile court's order terminating their parental rights on the grounds that appellants' convictions for felony child abuse proved them unfit to parent and that the 34–year prison sentences imposed upon both appellants would deprive the child of a normal home for that period of years. *See* A.R.S. § 8–533(B)(4). Appellants challenge the court's finding that termination of their parental rights was in the best interests of the child.

¶ 2 We will not disturb the juvenile court's order severing parental rights unless its factual findings are clearly erroneous, that is, unless there is no reasonable evidence to support them. *Maricopa County Juvenile Action No. JS–4374*, 137 Ariz. 19, 667 P.2d 1345 (App.1983); *Maricopa County Juvenile Action No. JS–378*, 21 Ariz.App. 202, 517 P.2d 1095 (1974). We find ample evidence to support the court's findings and therefore affirm.

¶ 3 Dustin T. was born on December 19, 1995. Because of extensive and nearly fatal injuries appellants had inflicted on their infant daughter the year before and the concomitantly high risk of harm to Dustin, Child Protective Services (CPS) took custody of the child after his birth. He was placed in foster care and adjudicated dependent as to both parents in April 1996. Based both on the nature of appellants' convictions and the length of their sentences, the juvenile court granted partial summary judgment as to the statutory grounds for termination under § 8–533(B)(4). The severance hearing proceeded on the sole issue of whether termination was in the best interests of the child.

¶ 4 On appeal, neither parent disputes that the child's interests are well served by his current placement. Instead, without directly addressing the bests interests of the child, the father argues that the state has an affirmative duty to protect the child's "legal right" to be raised within his biological family. The father contends that the paternal grandparents were available to take the child and that the Arizona Department of Economic Security (ADES) inadequately considered the grandparents and other relatives as potential placements for the child. The mother likewise argues that ADES "never looked into the 'family' placements which [she] suggested, ones which would allow her to maintain her parental rights." Although on appeal she has not identified those suggested placements, she testified at the severance hearing that she favored placing Dustin with his paternal grandparents.

¶ 5 We find appellants' arguments to be without merit. To establish that severance is in the best interests of the child, the state is not required to rule out possible placements with biological relatives before considering other placements. Nor does the juvenile court weigh alternative placement possibilities to determine which might be better. *Maricopa County Juvenile Action No. JS–8490*, 179 Ariz. 102, 876 P.2d 1137 (1994). One factor the court may properly consider in favor of severance is the immediate availability of an adoptive placement. *Pima County Juvenile Action No. S–2460*, 162 Ariz. 156, 781 P.2d 634 (App.1989). Another is whether an existing placement is meeting the needs of the child. *Maricopa County Juvenile Action No. JS–8490*.

¶ 6   Here, the juvenile court found by clear and convincing evidence that severance was in the best interests of the child. Support for this finding included testimony that the child is currently placed with his full biological sister in an adoptive home where he is thriving and his needs are more than adequately met. His present foster family is committed to adopting both Dustin and his sister, who have grown very close. The CPS case worker testified that remaining with his sister in his current placement and being freed for adoption by this family were "very clearly" in the child's best interests. Appellants presented no evidence contradicting this conclusion.

¶ 7   The juvenile court expressly considered, and rejected, appellants' arguments that the child's best interests favored placement with his paternal grandparents. The court found that after the child was removed from appellants at birth, the grandparents had never established a relationship with the child. After his removal, the paternal grandmother visited him once; the paternal grandfather had no contact with the child at all. Further, the court found, the grandparents had not been available to take the child when he was initially removed by ADES nor had they actively sought to obtain custody in the dependency case. The court concluded that because the child "does not know his grandparents and, more importantly, ... is with his sister in a home that is committed to adopting him and is meeting all his needs," termination of parental rights was clearly in the child's best interests.

¶ 8   Because the juvenile court's findings are fully supported by the evidence, we are unable to say the court abused its discretion. The order terminating both appellants' parental rights is affirmed.

M. JAN FLÓREZ, Presiding Judge, and J. WILLIAM BRAMMER, Jr., Judge, concur.