NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

Christopher L., *Appellant*,

*v.*

Arizona Department of Economic Security, A.W., *Appellees*.

No. 1 CA-JV 13-0258
FILED 4-17-2014

Appeal from the Superior Court in Maricopa County
No. JD20915
The Honorable Joan M. Sinclair, Judge

**AFFIRMED**

COUNSEL

David W. Bell Attorney at Law, Mesa
By David W. Bell
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Michael Valenzuela
*Counsel for Appellee Arizona Department of Economic Security*

---

**MEMORANDUM DECISION**

Presiding Judge Patricia A. Orozco delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge Kenton D. Jones joined.

---

**OROZCO**, Judge:

¶1        Christopher L. (Father) appeals the juvenile court's order terminating his parental rights as to his child, A.W. (Child).  The juvenile court also found severance was in Child's best interests.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        In July 2011, Child's mother (Mother) gave birth to a child, who tested positive for marijuana.[1]  As a result, Arizona Department of Economic Security (ADES) initiated an investigation, and Mother admitted to smoking marijuana every day.  Because Mother failed to participate in the services thereafter provided to her, ADES removed Child from Mother's home in October 2011.

¶3        In a report to the juvenile court, ADES noted Father had neglected to protect Child from Mother's substance abuse and neglect, by failing to establish paternity, and by not providing financial assistance for Child.  As a result, ADES filed a dependency petition on behalf of Child.  At the initial protective order hearing, Father contested the dependency action and agreed to engage in a myriad of reunification services, which included:  urinalysis testing through TASC; TERROS Families First, parent aide services; and psychological consultation, evaluation, and counseling.

¶4        Father failed to significantly participate in the services provided.  He did not contact TASC for urinalysis testing until March 2013 and, that same month, tested positive for marijuana.  Moreover, ADES submitted three TERROS referrals for Father in October 2011, August 2012, and May 2013.  For both the October 2011 and August 2012 referrals, Father scheduled the intake appointment but failed to attend the assessment and did not participate in services.  Consequently, both the

---

[1]        Mother is not a party to this appeal.

October 2011 and August 2012 referrals were closed as "non-compliant." Father was also referred for parent-aide services in February 2012 and July 2012, but Father, likewise, did not participate in these referrals. Lastly, Father failed to attend the dependency adjudication hearing in March 2012. As a result, the hearing proceeded without Father and the juvenile court found Child dependent as to Father.

**¶5**　　　　Based upon Father's minimal participation in the offered services and extensive criminal history, the Arizona Supreme Court Foster Care Review Board recommended ADES change the case plan from family reunification to severance and adoption. Thereafter, the juvenile court changed the case plan to severance, and in April 2013, ADES filed a motion to sever Father's parental rights pursuant to Arizona Revised Statutes (A.R.S.) sections 8-533.B.8(a) and -533.B.8(c) (2014).[2] In its motion, ADES alleged that severance was in Child's best interests.

**¶6**　　　　Shortly after the juvenile court changed the case plan, Father commenced parent aide services and received weekly supervised visits with Child. In March 2013, Father scheduled a TERROS intake and completed the assessment. At the assessment, Father explained he had obtained an Arizona medical marijuana card and been using marijuana for medicinal purposes for approximately eighteen months for pain management.[3] Father explained his card had recently expired, and he was currently awaiting his new card. Based on this information, TERROS issued Father a "no treatment" recommendation on the condition that he provide TERROS with his updated medical marijuana card. Father never submitted the new card to TERROS. As a result, TERROS closed Father's case.

**¶7**　　　　Father participated in a psychological evaluation. The psychologist concluded Father had a history of cannabis abuse, possessed poor mechanisms when dealing with stress, and noted symptoms of depression and anxiety. Ultimately, the psychologist recommended Father participate in substance abuse counseling, obtain individual counseling services, participate in a psychiatric evaluation, and engage in

---

[2]　　We cite to the current versions when no material revisions have since occurred.

[3]　　Father stated he received his initial medical marijuana card in 2011; however, Father was arrested in November of 2011 and subsequently convicted of being in possession of marijuana in 2012.

parenting aide services. Based on the recommendation, ADES referred Father for individual counseling, a psychiatric evaluation, and parent aide services. Although Father successfully completed the parent aide services, Father only completed two counseling sessions before he stopped attending. Father did not attend a scheduled psychiatric evaluation. Moreover, Father failed to regularly submit to mandatory urinalysis tests throughout 2013, but when he did appear for testing, he tested positive for marijuana.[4]

¶8        The juvenile court held a contested severance hearing. The caseworker testified as to Father's lack of meaningful participation in the various services and recommended termination of Father's parental rights. The case worker explained Child had been in the ADES system since 2011 and, during that time, Child had been in multiple placements and was finally in a relative placement. Moreover, the caseworker opined that termination was in Child's best interests because Child was adoptable and deserved permanency.

¶9        Father testified his medical marijuana card contained an error that listed the incorrect expiration date as March 2013 -- rather than March 2014. Father also stated he smoked marijuana pursuant to his medical marijuana card to manage pain from a broken femur he suffered as a teen. Father further testified he was unaware of ADES's requirement that he submit to substance abuse testing. Father asserted his belief that he completed the individual counseling requirements. Father also argued his delay in starting services was due to a lack of instruction from ADES.

¶10        In a detailed minute entry, the juvenile court severed Father's parental rights. The juvenile court specifically noted the length of Child's out-of-home placement, Father's criminal record and his history of non-participation in the various programs. Moreover, the juvenile court found Father's testimony regarding ADES's failure to provide instruction regarding reunification services was not credible and was contradicted by other evidence. The juvenile court held ADES met its burden on the severance grounds. Furthermore, the juvenile court found that severance was in Child's best interests.

---

[4]        Father tested positive for marijuana use in March, April, June, July, and August 2013.

¶11    Father timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 8-235.A (2014), 12-120.21.A.1 (2003), and -2101.A.1 (Supp. 2013).

**DISCUSSION**

¶12    The juvenile court, as the trier of fact, "is in the best position to weigh the evidence, observe the parties, judge the credibility of the witnesses, and resolve disputed facts." *Ariz. Dep't of Econ. Sec. v. Oscar O.*, 209 Ariz. 332, 334, ¶ 4, 100 P.3d 943, 945 (App. 2004).  Accordingly, we do not reweigh the evidence.  *Id.* at 336, ¶ 14, 100 P.3d at 947.  Additionally, we accept the juvenile court's findings of fact, unless no reasonable evidence exists to support them.  *Id.* at 334, ¶ 4, 100 P.3d at 945.

¶13    Under A.R.S. § 8-533, the juvenile court may terminate the parent-child relationship if it finds that any one of the statutory grounds exist and that severance is in the child's best interests.  *See Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 248-49, ¶ 12, 995 P.2d 682, 684-85 (2000).

I.    Grounds for Severance

¶14    The juvenile court may terminate a parent-child relationship if, pursuant to court order or voluntary placement, a child has been placed out of the parent's home for a total of nine months or longer, and the parent has "substantially neglected or willfully refused" to rectify the issues that caused the child to be placed out of home.  *See* A.R.S. § 8-533.B.8(a).  This includes a parent's refusal to "participate in reunification services offered by [ADES]."  *Id.*

¶15    Father does not dispute that Child has been in an out of home placement for nine months or longer, that ADES made diligent efforts to provide him with reunification services, and that he substantially neglected or willfully refused to remedy the circumstances that caused Child to be in an out-of-home placement.  Father only contends that he is "immediately ready and able to care for [Child]," and his marijuana use is not sufficient grounds to terminate the relationship.  Thus, we find Father's failure to challenge these findings means he concedes them.  *See Britz v. Kinsvater*, 87 Ariz. 385, 388, 351 P.2d 986, 987 (1960) (assuming that the trial court's findings of fact are conceded when a party fails to challenge them).

¶16    Father's concessions aside, we find sufficient evidence supports the juvenile court's conclusion.  At the time of the severance

hearing, Child had been in an out-of-home placement for almost two years. Moreover, the record indicates that approximately eighteen months passed between the initial dependency petition and the motion for severance. During that time, Father repeatedly failed to engage in various reunification services offered to him. He did not attend the dependency hearing, continuously failed to show up to appointments and was non-responsive despite ADES's efforts to reach out to him. Father only began engaging in reunification services after ADES filed the motion to sever his parental rights. Even then, however, Father only participated in the parent aide services. Father did not comply with regular substance abuse testing, failed to provide an updated medical marijuana card, and did not seek further individual counseling.

II.    Best Interests

¶17    Father next contends the juvenile court erred in finding that severance was in Child's best interests because the "evidence clearly demonstrated that Father and [Child] have a strong and loving relationship."

¶18    A determination of a child's best interests must include a finding as to how the child will benefit from the severance or that a continuation of the relationship will harm the child. *Maricopa Cnty. Juv. Action No. JS-500274*, 167 Ariz. 1, 5, 804 P.2d 730, 734 (1990). Relevant factors favoring severance include evidence of an adoption plan, or evidence that the child's current placement is meeting his needs. *See Audra T. v. Ariz. Dep't of Econ. Sec.*, 194 Ariz. 376, 377, ¶ 5, 982 P.2d 1290, 1291 (App. 1998).

¶19    Here, the ADES case manager testified that severance would be in Child's best interests because he had been living in foster care since 2011 and had been moved multiple times. The case manager further testified that Child deserved permanency, was doing well in his current relative placement, the placement was meeting all of his needs, and Child was adoptable.

¶20    Thus, there was sufficient evidence to support the juvenile court's findings that severance was in Child's best interests.

## Conclusion

¶21    For the foregoing reasons, we affirm the juvenile court's termination of Father's parental rights as to Child.

