NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

GAVINO C., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY[1], N.C., G.C.,
*Appellees*.

No. 1 CA-JV 14-0051
FILED 08-26-2014

Appeal from the Superior Court in Maricopa County
No.  JD500478
The Honorable Rodrick J. Coffey, Judge

**AFFIRMED**

COUNSEL

Law Office of Anne M. Williams, P.C., Tempe
By Anne M. Williams
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Nicholas Chapman-Hushek
*Counsel for Appellee Department of Child Safety*

---

[1]      Pursuant to S.B. 1001, Section 157, 51st Leg., 2nd Spec. Sess. (Ariz. 2014) (enacted), the Department of Child Safety is substituted for the Arizona Department of Economic Security in this matter.  *See* ARCAP 27. To maintain consistency with the juvenile court record, however, we refer to ADES throughout the body of our decision.

---

## MEMORANDUM DECISION

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Maurice Portley and Chief Judge Diane M. Johnsen joined.

---

**B R O W N**, Judge:

¶1        Gavino C. ("Father") appeals the juvenile court's order terminating his parental rights to seven-year-old N.C. and five-year-old G.C.  For the following reasons, we affirm.

### BACKGROUND

¶2        In February 2011, Child Protective Services ("CPS") received a report that Priscilla L. ("Mother"), the biological mother of N.C. and G.C., was engaging in drug abuse and neglecting her children.  The report also alleged that the children were exposed to "on-going domestic violence."  A CPS case manager contacted Mother and concluded she was unable "to provide for all of [her] children's basic needs such as food or proper hygiene."[2]  At that time, Father's "current whereabouts and contact information [were] unknown."

¶3        In March 2011, the Arizona Department of Economic Security ("ADES") filed a dependency petition alleging Mother was unable to parent due to substance abuse, neglect, domestic violence, and mental health issues.  The petition also alleged Father was unable to parent due to abandonment, neglect and substance abuse.  Specifically, although Father was granted custody of N.C. and G.C. by court order as the result of a previous dependency action against Mother, he failed to maintain a normal relationship with the children or provide for their needs and instead returned the children to Mother's care.

¶4        On May 11, 2011, the juvenile court found the children dependent as to Father.  The court designated a case plan of family reunification and ordered ADES to provide services for Father "should [he] appear."

---

[2]        Although the CPS report related to six of Mother's children, only N.C. and G.C. are Father's children and at issue in this appeal.

¶5 At a report and review hearing held October 10, 2012, the juvenile court granted ADES's request to change the case plan to severance and adoption with regard to Mother, but denied the corresponding request as to Father and ordered that the case plan for Father remain family reunification. ADES filed a motion to terminate Mother's parental rights and, following procedural delays, her parental rights were terminated on June 25, 2013.

¶6 At a subsequent report and review hearing held August 19, 2013, the juvenile granted ADES's request to change the case plan to severance and adoption as to Father. ADES then filed a motion to terminate Father's parental rights, alleging he had abandoned the children pursuant to Arizona Revised Statutes ("A.R.S.") section 8-533(B)(1) and been unable to remedy the circumstances causing the children to be placed in court-ordered out-of-home placement for more than fifteen months pursuant to A.R.S. § 8-533(B)(8)(c).

¶7 The juvenile court held a two-day contested severance hearing on January 6 and February 3, 2014. Father acknowledged he did not know when he was last in contact with the children before they were removed from Mother in March 2011. Father testified that he was granted custody of the children when he was released from prison in 2010, but he returned them to Mother notwithstanding they had been removed from her care pursuant to court order. Father explained that he is employed as a commercial roofer and frequently travels to work in other states for extended periods and he "trusted [Mother] with [his] kids." Father admitted he had no contact with the children between March 2011 and June 2012, even though Mother had informed him the children were in the custody of ADES a year earlier.

¶8 Father did not appear in the dependency case until June 28, 2012. Father admitted that, in March 2013, he left Arizona to work on a roofing job without informing CPS beforehand, and failed to contact the children in any manner between March 2013 and August 2013. He likewise acknowledged that he failed to offer any financial support during the entire period the children were subject to the dependency order.

¶9 The case manager confirmed that Father provided no financial support for the children during the thirty-four months they have been in the care of ADES. She further testified that the children have been in the same foster home the entire period and are strongly bonded to their foster parents, who wish to adopt them.

¶10 The juvenile court granted ADES's motion to terminate, finding clear and convincing evidence that Father abandoned N.C. and G.C., was unable to remedy the circumstances causing the out-of-home placement, and that termination of his parental rights is in the children's best interests. Father timely appealed.

## DISCUSSION

¶11 The juvenile court may terminate the parent-child relationship only upon finding that clear and convincing evidence demonstrates at least one statutory ground for severance and that a preponderance of the evidence shows severance is in the child's best interest. A.R.S. § 8-533(B); *Kent K. v Bobby M.*, 210 Ariz. 279, 284, ¶ 22, 110 P.3d 1013, 1018 (2005). We will affirm the judgment unless the juvenile court abused its discretion by making "factual findings [that] are clearly erroneous[;] that is, unless there is no reasonable evidence to support them." *Audra T. v. Ariz. Dep't of Econ. Sec.*, 194 Ariz. 376, 377, ¶ 2, 982 P.2d 1290, 1291 (App. 1998) (citations omitted). "[T]he juvenile court will be deemed to have made every finding necessary to support the judgment." *Maricopa County Juv. Action No. JS-8287*, 171 Ariz. 104, 111, 828 P.2d 1245, 1252 (App. 1991) (citations omitted).

¶12 Father contends the juvenile court erred by finding he abandoned the children and contends he had "just cause" for leaving the state. Pursuant to A.R.S. § 8-533(B)(1), the juvenile court was authorized to terminate Father's rights upon a finding that Father abandoned the children. Abandonment is statutorily defined as:

> [T]he failure of a parent to provide reasonable support and to maintain regular contact with the child, including providing normal supervision. Abandonment includes a judicial finding that a parent has made only minimal efforts to support and communicate with the child. Failure to maintain a normal parental relationship with the child without just cause for a period of six months constitutes prima facie evidence of abandonment.

A.R.S. § 8-531(1). Abandonment is measured objectively by examining the parent's conduct, not the parent's subjective intent. *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 249-50, ¶ 18, 995 P.2d 682, 685-86 (2000). When "circumstances prevent [a parent] from exercising traditional methods of bonding with his child, he must act persistently to establish the relationship

however possible and must vigorously assert his legal rights to the extent necessary." *Id.* at 250, ¶ 22, 995 P.2d at 686.

**¶13**    Here, Father testified he was uncertain as to the last time he contacted the children before the dependency proceeding began in March 2011. Although Mother informed Father the children were in ADES's care by June 2011, Father made no attempt to contact the children, check on their welfare, or notify CPS of his whereabouts until June 2012. After making his initial appearance in the dependency in June 2012, Father participated in some court-ordered services, including visits with the children, between June 2012 and March 2013. In March 2013, however, Father left the state, without providing CPS prior notice, and never attempted to contact the children or check on their welfare between March 2013 and August 2013. Additionally, Father has never provided any financial support for the children since their removal from Mother's home in March 2011. Father's repeated, lengthy absences from his children's lives are prima facie evidence of abandonment. *See* A.R.S. § 8-531(1). Although Father stated that his absences were primarily a function of his employment, Father failed to "act persistently to establish a relationship" with his children by failing to attempt any contact during these periods or provide financial support. Moreover, by his own admission, Father did nothing to enforce his rights for over a year after Mother informed him the children were taken into ADES's custody and only asserted his rights when Mother's parental rights were severed. Therefore, the juvenile court had sufficient basis to conclude, by clear and convincing evidence, that Father abandoned the children.[3]

**¶14**    Father also challenges the juvenile court's finding that termination of his parental rights is in the children's best interests. In considering the children's best interests, the court was required to determine how the children would benefit from the severance or be harmed by the continuation of their relationship with Father. *Maricopa County Juv. Action No. JS-500274*, 167 Ariz. 1, 5, 804 P.2d 730, 734 (1990). Two factors the court "may properly consider in favor of severance" are the immediate availability of an adoptive placement and whether an existing placement is meeting the needs of the child. *Audra T.*, 194 Ariz. at 377, ¶ 5, 982 P.2d at 1291.

---

[3]    Because we conclude the evidence supports the juvenile court's order granting severance on the basis of abandonment, we need not consider Father's challenge to the other statutory basis found by the court. *See Michael J.*, 196 Ariz. at 251, ¶ 27, 995 P.2d at 687.

¶15 The case manager testified that the children have been in the same placement since they were removed from Mother in March 2011. She testified that the children are doing well in their placement, are closely bonded to their foster parents, and the foster parents wish to adopt them. Additionally, she opined that termination and adoption were in the children's best interests. This evidence was sufficient to support the court's best interests finding.

## CONCLUSION

¶16 We affirm the juvenile court's order terminating Father's parental rights.



Ruth A. Willingham · Clerk of the Court
FILED: gsh