NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

CRISTIAN R., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, K.R., L.R., *Appellees*.

No. 1 CA-JV 15-0368
FILED 5-24-2016

Appeal from the Superior Court in Maricopa County
No. JD22995
The Honorable John R. Ditsworth, Judge

**AFFIRMED**

COUNSEL

Vierling Law Offices, Phoenix
By Thomas A. Vierling
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Carol Salvati
*Counsel for Appellee*

---

## MEMORANDUM DECISION

Judge Andrew W. Gould delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Randall M. Howe joined.

---

**G O U L D**, Judge:

**¶1**　　　　Cristian R. ("Father") appeals from the juvenile court's order terminating his parental rights.  For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

**¶2**　　　　K.R., born July 2010, and L.R., born May 2012, are the biological children of Father.  In October 2011, before the birth of L.R., Father pled guilty to felony DUI, aggravated assault and felony flight from law enforcement.  He was sentenced to prison with an early release date in 2017 and a maximum release date in March 2018.

**¶3**　　　　During his incarceration, Father has had no personal visits with the Children.  Father also has not requested the Department of Child Safety ("DCS") to schedule visits with the Children.  Father has, however, written letters and sent gifts to the Children.

**¶4**　　　　After Father was incarcerated, the Children were removed from Mother's[1] care and declared dependent.  DCS subsequently filed a petition to terminate Father's rights, alleging abandonment and length of incarceration as statutory grounds for termination.  Ariz. Rev. Stat. ("A.R.S.) sections 8-533(B)(1), (4).

**¶5**　　　　Following a trial, the juvenile court terminated Father's rights on the grounds of length of incarceration.[2]  Father timely appealed.

### DISCUSSION

### I.　Statutory Grounds for Severance

---

[1]　　　Mother's rights were severed November 6, 2015; she is not a party to this appeal.

[2]　　　DCS dismissed the allegation of abandonment at trial.

¶6          Father argues the juvenile court erred in terminating his rights because the state failed to prove the statutory ground of length of incarceration by clear and convincing evidence.

¶7          To justify termination of a parent's rights, the juvenile court must determine clear and convincing evidence exists as to at least one of the grounds under A.R.S. § 8–533(B).  *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 249, ¶ 12 (2000).  "The juvenile court, as the trier of fact in a termination proceeding, is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and make appropriate findings." *Jesus M. v. Ariz. Dep't. of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 4 (App. 2002).  As a result, we review the juvenile court's termination of parental rights for an abuse of discretion and will affirm the court's findings if they are supported by reasonable evidence. *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47, ¶ 8 (App. 2004).

¶8          Pursuant to A.R.S. § 8-533(B)(4), a parent's rights can be terminated if:

> the parent is deprived of civil liberties due to the conviction of a felony . . . if the sentence of that parent is of such length that the child will be deprived of a normal home for a period of years.

¶9          In terminating parental rights based on incarceration, "the length of a parent's sentence is not dispositive," and "the juvenile court must consider the many facts and circumstances specific to each case." *Jesus M.*, 203 Ariz. at 281, ¶ 9.  The focus of the court's inquiry is "on the child's needs during the incarceration and not solely on whether the parent would be able to continue the parent-child relationship after release." *Jeffrey P. v. Dep't of Child Safety*, 1 CA-JV 15-0031, 2016 WL 792337, at *4, ¶ 14 (App. Mar. 1, 2016).  Courts may consider several factors in making this determination, including:

> (1) the length and strength of any parent-child relationship existing when incarceration begins, (2) the degree to which the parent-child relationship can be continued and nurtured during the incarceration, (3) the age of the child and the relationship between the child's age and the likelihood that incarceration will deprive the child of a normal home, (4) the length of the sentence, (5) the availability of another parent to provide a normal home life, and (6) the effect of the deprivation of a parental presence on the child at issue.

*Michael J.*, 196 Ariz. at 251-52, ¶ 29.

**¶10**  The record supports the juvenile court's decision.  Father was deprived of his civil liberties due to a felony conviction.  Father testified he will be released sometime in 2017, but his maximum release date is March 2018.  *See Jeffrey P.*, 1 CA-JV 15-0031, 2016 WL 792337 at *2, ¶ 8 (holding "[n]o authority requires the court to presume an early release.")

**¶11**  The record also shows Father does not have a strong relationship with the Children.  Father has never met L.R.; he was incarcerated before she was born.  Similarly, K.R. was one-year-old when Father was incarcerated, and the juvenile court did not find credible his claim he was active in K.R.'s life before his incarceration.  Additionally, Father has not seen the Children since his incarceration, and he has not requested visitation from DCS.  We find no error.

## II.  Best Interests

**¶12**  Father also argues (1) insufficient evidence supports the juvenile court's best interest finding, and (2) the juvenile court's finding is insufficient.

**¶13**  Before a juvenile court may terminate a parent's rights it must consider the best interests of the child.  A.R.S. § 8-533(B).  We have held "the best interests of the child . . .  may be established by either showing an affirmative benefit to the child by removal or a detriment to the child by continuing in the relationship."  *Jennifer B. v. Ariz. Dep't of Econ. Sec.*, 189 Ariz. 553, 557 (App. 1997); *see also In re Maricopa Cty. Juvenile Action No. JS–500274*, 167 Ariz. 1, 6-7 (1990).  In making this determination, the juvenile court may consider whether the children are adoptable and whether their current placement is meeting their needs.  *Audra T. v. Ariz. Dep't of Econ. Sec.*, 194 Ariz. 376, 377, ¶ 5 (App. 1998).

**¶14**  Sufficient evidence shows that termination is in the Children's best interests.  Based on Father's incarceration, the Children have been deprived of a normal home.[3]  Father has been imprisoned all of L.R.'s life and the majority of K.R.'s life, and he has not developed a strong, stable relationship with the Children.  In addition, the Children are thriving in

---

[3]  We recognize that Father is not solely responsible for this fact, and that Mother bears, to a greater or lesser extent, some responsibility for this situation.  We also note that Father has made an effort, by writing letters and arranging for Christmas presents, to start a relationship with the Children, and we respect those efforts.

their current placement; all of their needs are met, and their placement is willing to adopt them.

¶15 We also conclude the juvenile court made sufficient best interest findings. *See* Ariz. R.P. Juv. Ct. 66(F)(2)(a) (a juvenile court must make specific, written findings of fact and conclusions of law in support of its termination decision); A.R.S. § 8-538 (A) (same). Here, the juvenile court specifically found the Children are "thriving" in their current placement, thereby concluding their current placement is meeting their needs.

## CONCLUSION

¶16 For the reasons above, we affirm the juvenile court's termination of Father's parental rights.



Ruth A. Willingham · Clerk of the Court
FILED: ama