NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

NONA P., *Appellant,*

*v.*

CHARLES W., E.W., *Appellees.*

No. 1 CA-JV 16-0197
FILED 10-13-2016

---

Appeal from the Superior Court in Maricopa County
No. JS517888
The Honorable Shellie F. Smith, Commissioner

**AFFIRMED**

---

COUNSEL

Gates Law Firm, LLC, Buckeye
By S. Marie Gates
*Counsel for Appellant*

Charles W.
*Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Patricia K. Norris delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Margaret H. Downie joined.

---

**N O R R I S**, Judge:

¶1        This appeal arises out of an order entered by the juvenile court terminating appellant Nona P.'s parental rights to E.W., her child with appellee Charles W. On appeal, Nona does not challenge the statutory ground of termination—abandonment—found by the juvenile court. *See* Ariz. Rev. Stat. ("A.R.S.") § 8-533(B)(1) (Supp. 2015). Instead, she challenges the juvenile court's finding that termination was in E.W.'s best interests.

¶2        Nona first argues the juvenile court could not assess E.W.'s best interests because E.W.'s guardian ad litem ("GAL") neither filed a "compliance report" documenting that she had met with E.W. nor advised the juvenile court of E.W.'s position regarding termination of Nona's parental rights. The juvenile court, however, stated it had "considered the GAL's recommendation," *see* Ariz. R.P. Juv. Ct. 40.1(D) (GAL required to meet with child before termination hearing and advise court of child's position), before terminating Nona's parental rights. Moreover, Nona did not raise either objection in the juvenile court. Thus, she has waived these arguments on appeal. *See Shawanee S. v. Ariz. Dep't of Econ. Sec.*, 234 Ariz. 174, 179, ¶ 18, 319 P.3d 236, 241 (App. 2014) (mother who did not object in the juvenile court to ADES's efforts to provide reunification services waived argument on appeal; failure to raise objection prevented juvenile court from addressing mother's concerns).

¶3        Nona also argues the juvenile court was not in a position to find termination was in E.W.'s best interests because it did not order or waive the statutorily required social study. *See* A.R.S. § 8-536(A), (C) (2014) (after the filing of a petition for termination court shall order a social study or waive it if it finds waiver of the social study is in the best interests of the child). Although the record does not show the juvenile court ordered or waived the social study, Nona also did not raise this argument in the juvenile court and, accordingly, has waived it on appeal. *See Shawanee S.*, 234 Ariz. at 179, ¶ 18, 319 P.3d at 241.

¶4        Nona next argues the evidence does not support the juvenile court's finding that termination of her parental rights was in E.W.'s best interests. The juvenile court's order, however, was reasonably supported by the evidence. *Demetrius L., v. Joshlynn F.*, 239 Ariz. 1, 3, ¶ 9, 365 P.3d 353, 355 (2016) (appellate court will not reverse a juvenile court's termination order if it is supported by reasonable evidence; juvenile court is in the best position to weigh evidence and assess witness credibility). "The central issue when determining the best interests of a child in a termination action is whether the child would derive an affirmative benefit from termination or incur a detriment by continuing in the relationship." *Kimu P. v. Ariz. Dep't of Econ. Sec.*, 218 Ariz. 39, 42, ¶ 10, 178 P.3d 511, 514 (App. 2008) (quotations and citation omitted). One factor that a juvenile court may consider is "whether an existing placement is meeting the needs of the child." *Audra T. v. Ariz. Dep't of Econ. Sec.*, 194 Ariz. 376, 377, ¶ 5, 982 P.2d 1290, 1291 (App. 1998) (citation omitted).

¶5        Here, in ruling that termination of Nona's parental rights was in E.W.'s best interests, the juvenile court found termination would allow Charles to continue to provide E.W. with a safe and stable home. The court further found that it would be detrimental to E.W. for Nona to continue to jump in and out of her life. Additionally, E.W. had been "negatively affected" by Nona's absence in her life, although she had since grown accustomed to it. The court also considered the risk of harm to E.W. that Nona's substance abuse problems presented. The court additionally found that if anything should happen to Charles, E.W. could continue to live with her paternal relatives, which would provide her with permanency, in a home that already offered her stability. The evidence presented at the termination hearing supports the juvenile court's findings, which properly addressed best interests.

¶6        Finally, Nona argues termination of her parental rights was not in E.W.'s best interests because Charles was not seeking to terminate her parental rights to allow for a stepparent adoption. A juvenile court may terminate parental rights even if a parent is not seeking termination to facilitate a stepparent adoption. *See Dominique M. v. Dep't of Child Safety*, 240 Ariz. 96, 98, ¶ 11, 376 P.3d 699, 701 (App. 2016) (even absent an identified adoption placement juvenile court's finding that current placement was in children's best interests supported termination of mother's parental rights) (citation omitted); *Raymond F. v. Ariz. Dep't of Econ. Sec.*, 224 Ariz. 373, 379, ¶ 30, 231 P.3d 377, 383 (App. 2010) (immediate availability of adoption is one factor; whether existing placement is meeting needs of the child is an additional factor) (citations omitted).

**¶7** For the foregoing reasons, therefore, we affirm the juvenile court's order terminating Nona's parental rights to E.W.



AMY M. WOOD • Clerk of the Court
FILED: AA