NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JASON B.,
*Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, E.B., M.B.,
*Appellees.*

No. 1 CA-JV 16-0305
FILED 2-7-2017

Appeal from the Superior Court in Maricopa County
No. JD27040
The Honorable William R. Wingard, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

The Stavris Law Firm, PLLC, Scottsdale
By Christopher Stavris
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Laura J. Huff
*Counsel for Appellee DCS*

---

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Margaret H. Downie and Judge James P. Beene joined.

---

**J O H N S E N**, Judge:

¶1        Jason B. ("Father") appeals the superior court's order terminating his parental rights to his two children.  We affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        Father and Leslie B. ("Mother") are the biological parents of E.B., born in March 2013, and M.B., born in March 2014.  In September 2013, when E.B. was five months old, the Department of Child Safety ("DCS") took her into custody based on evidence that Father and Mother were abusing substances and were not providing her with a safe and stable home environment, and Father was engaging in criminal activity.  The following month, Father was arrested and charged with identity theft and forgery.  In February 2014, Father was sentenced to five years' incarceration after pleading guilty to both charges.  While Father was in custody, Mother gave birth to M.B., and E.B. was returned to her care.  Several months later, Mother tested positive for methamphetamine, and DCS removed both children.[1]

¶3        On a motion by DCS and after a contested hearing in June 2016, the superior court terminated Father's parental rights based on Father's incarceration and the children's out-of-home placement for 15 months or longer, pursuant to Arizona Revised Statutes ("A.R.S.") sections 8-533(B)(4), (B)(8)(c) (2017), respectively.[2]  The court found that Father "has not completed his substance abuse treatment, cannot provide a stable home for his children and his criminal issues remain."  Father timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 8-235(A) (2017), 12-2101(A)(1) (2017) and Arizona Rule of Procedure for the Juvenile Court 103(A).

---

[1]        Mother's rights have been terminated and are not at issue here.

[2]        Absent material revision after the relevant date, we cite a statute's current version.

**DISCUSSION**

**¶4**        The right to custody of one's children is fundamental, but not absolute. *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 248, ¶¶ 11-12 (2000). The superior court may terminate a parent's rights upon clear and convincing evidence of one of the statutory grounds in A.R.S. § 8-533(B) and upon a finding by a preponderance of the evidence that termination is in the best interests of the child. *Michael J.*, 196 Ariz. at 249, ¶ 12. We review the superior court's termination order for an abuse of discretion; we will affirm the order unless its factual findings are clearly erroneous, "that is, unless there is no reasonable evidence to support them." *Audra T. v. Ariz. Dep't of Econ. Sec.*, 194 Ariz. 376, 377, ¶ 2 (App. 1998).

**¶5**        Under A.R.S. § 8-533(B)(8)(c), a parent's rights may be terminated upon a finding that (1) the child has been in out-of-home placement for 15 months or longer; (2) the agency has made diligent efforts to provide appropriate reunification services; (3) the parent is unable to remedy the circumstances that caused the placement; and (4) there is a substantial likelihood that the parent will not be capable of exercising proper and effective parental care and control in the near future. A.R.S. § 8-533(B)(8)(c). In determining whether the parent has been able to remedy the circumstances causing placement, we consider the circumstances existing at the time of the severance rather than at the time of the initial dependency petition. *Maricopa County Juv. Action No. JS-8441*, 175 Ariz. 463, 468 (App. 1993).

**¶6**        Father does not dispute that the children have been in placement for longer than 15 months or that DCS made diligent efforts to provide appropriate reunification services. Nor does Father dispute the court's best-interest finding.

**¶7**        Reasonable evidence supports the superior court's findings that Father is unable to remedy the circumstances that caused the placement and that he will not be able to exercise proper and effective parental care and control in the near future. At trial, Father testified that he remained incarcerated and has substance abuse issues. A DCS case manager testified that Father will not be able to maintain a normal parent-child relationship with the children "because he won't be able to provide for the kids' basic needs, mental, educational, physical, as well as establish and maintain a bond," and neither parent has proved to be a "permanent, consistent, stable caregiver." The case manager explained that when Father asked for visits with his children, DCS consulted a psychologist to determine whether visitation would be appropriate. The psychologist

recommended the children not visit Father while he is incarcerated, because prison visits cause "stress and anxiety to the younger children," especially if "there's already not a bond" between the children and the person they are visiting.

**¶8** Father argues he has shown he can care for his children because he has participated in services while in prison, has a paying job in prison, and has tried to maintain contact with his children while incarcerated. He testified he has completed as many classes as he could in prison to better himself. He testified he earns approximately $600 each month–enough money to provide housing for the children. He testified he has not sent any of his earnings for the support of the children because he has not been approved to send them money. Despite Father's reported desire to support and parent his children, sufficient evidence supports the court's finding that he is currently unable to do so, and will not be able to in the near future.

**¶9** Because the superior court did not abuse its discretion in severing Father's parental rights based on 15 months' out-of-home placement, we need not consider whether the superior court's findings justified severance based on the length of Father's incarceration, pursuant to A.R.S. § 8-533(B)(4). *See Michael J.*, 196 Ariz. at 251, ¶ 27.

## CONCLUSION

**¶10** For the foregoing reasons, we affirm the superior court's order terminating Father's parental rights.

