NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

ELIJAH H., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, E.H., E.H., *Appellees.*

No. 1 CA-JV 16-0477
FILED 5-16-17

Appeal from the Superior Court in Maricopa County
No. JD28968
The Honorable John R. Ditsworth, Judge

**AFFIRMED**

COUNSEL

The Stavris Law Firm, PLLC, Scottsdale
By Alison Stavris
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By JoAnn Falgout
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Judge James P. Beene delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Lawrence F. Winthrop joined.

---

**B E E N E**, Judge:

**¶1**         Elijah H. ("Father") appeals the superior court's termination of his parental rights.  For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

**¶2**         Father is the biological parent of Elijah H. and Elaijah H. ("Children").  In August 2014, the Department of Child Services ("DCS") filed a dependency petition alleging Father was unable to care for Children and had committed multiple acts of domestic violence against Mother.[1] After a hearing, Children were adjudicated dependent.

**¶3**         Father was arrested in August 2015, for possession of a firearm and possession of marijuana for sale and was sentenced to a four–and–a–half year term of imprisonment.  DCS then moved to terminate Father's parental rights to Children on several grounds, including the length of incarceration for a felony conviction that would deprive the Children of a normal home for a period of years.  Ariz. Rev. Stat. ("A.R.S.") § 8-533(B)(4) (2017).[2]

**¶4**         After a contested termination hearing, the superior court found by clear and convincing evidence that Father's conviction and imprisonment for four-and-a-half years was a valid basis for termination, and found by a preponderance of the evidence that it was in Children's best interests to terminate Father's parental rights.  Father timely appealed. We have jurisdiction pursuant to A.R.S. §§ 12–120.21 (2017) and 12–2101 (2017).

---

[1]      Mother's parental rights were also terminated, but she is not a party to this appeal.

[2]      Absent material revisions after the relevant date, we cite a statute's current version.

**DISCUSSION**

**¶5**       Custody of one's children is a fundamental, but not absolute, right. *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 248, ¶¶ 11-12 (2000). The superior court may terminate a parent's rights upon clear and convincing evidence of one of the statutory grounds in A.R.S. § 8-533(B), and upon finding by a preponderance of the evidence that termination is in the best interests of the child.[3] *Michael J.*, 196 Ariz. at 248-49, ¶ 12.  We review the superior court's termination order for an abuse of discretion; we will affirm the order unless its factual findings are clearly erroneous, "that is, unless there is no reasonable evidence to support them." *Audra T. v. Ariz. Dep't of Econ. Sec.*, 194 Ariz. 376, 377, ¶ 2 (App. 1998).

**¶6**       "Parental rights may be severed 'if the sentence of such parent is of such length that the child will be deprived of a normal home for a period of years.'" *Michael J.*, 196 Ariz. at 251, ¶ 28 (quoting A.R.S. § 8–533(B)(4)).  There is no term of imprisonment that will *per se* sever parental rights.  *Id.* at 251, ¶ 29.  That is, "a 20–year sentence might not provide sufficient basis for severing an incarcerated parent's rights, while in another case a 3–year sentence could provide the needed basis."  *Id.*

**¶7**       When terminating parental rights on length of incarceration grounds, pursuant to A.R.S. § 8–533(B)(4), the superior court should consider all relevant factors, *inter alia*:

> (1) the length and strength of any parent-child relationship existing when incarceration begins, (2) the degree to which the parent-child relationship can be continued and nurtured during the incarceration, (3) the age of the child and the relationship between the child's age and the likelihood that incarceration will deprive the child of a normal home, (4) the length of the sentence, (5) the availability of another parent to provide a normal home life, and (6) the effect of the deprivation of a parental presence on the child at issue.  After considering those and other relevant factors, the trial court can determine whether the sentence is of such a length as to deprive a child of a normal home for a period of years.

*Id.* at 251–52, ¶ 29.

---

[3]       Father does not challenge the best-interests finding, and we therefore do not address it.

¶8        Father argues that the superior court erred by terminating his parental rights because the evidence does not support termination. The superior court heard conflicting testimony from DCS and Father. When there is conflicting evidence, the superior court may make a finding provided there is substantial evidence to support it. *Imperial Litho/Graphics v. M.J. Enters.*, 152 Ariz. 68, 77 (App. 1986). The superior court is in the best position to weigh the evidence and assess witness credibility, and we will affirm a severance order unless it is clearly erroneous. *See Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 4 (App. 2002).

¶9        Here, the superior court thoroughly weighed the testimony and evidence presented during the hearing and determined that the statutory grounds for termination were present. Addressing the non–exclusive factors set forth by the Arizona Supreme Court in *Michael J.*, the superior court determined that the youngest child, 15–months-old when Father was sentenced to prison, "did not have a meaningful relationship with her [F]ather" and "should not even remember" him. As to the oldest child, who was two–and–a–half years old at the time of Father's incarceration, the superior court found that the child "could remember the domestic violence that occurred in the home" and the relationship was unhealthy and "filled with turmoil." The superior court also found, by clear and convincing evidence, that Father would be unable to maintain any future bond with Children while incarcerated. Moreover, the superior court found that "there is no other parent [to provide a normal life for Children] as the [M]other is being severed in this matter." The superior court also found that Father's four–and–a–half year incarceration would cause Children to languish in state care and deprive "them of permanency and stability for a period of years." We find no error in the superior court's finding that clear and convincing evidence demonstrates a valid basis for termination under § 8-533(B)(4).

**CONCLUSION**

¶10         For the foregoing reasons, we affirm the superior court's termination of Father's parental rights.

