NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

MARTHA C., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, T.F., *Appellees*.

No. 1 CA-JV 21-0269
FILED 1-11-2022

Appeal from the Superior Court in Maricopa County
No. JD39503
The Honorable David O. Cunanan, Judge

**AFFIRMED**

COUNSEL

Maricopa County Public Advocate's Office, Mesa
By Suzanne W. Sanchez
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By James William Rappaport
*Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Michael J. Brown joined.

---

**C R U Z**, Judge:

¶1        Martha C. ("Mother") appeals from the superior court's order terminating her parental relationship to T.F.  For the following reasons, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

¶2        In May 2020, Mother gave birth to T.F., who tested positive for amphetamines and fentanyl.  Mother admitted to using illicit substances throughout her pregnancy, including on the day of T.F.'s birth.  As a result, T.F. suffered from respiratory distress and withdrawal symptoms, and required oxygen, morphine stabilization, and a feeding tube.  Due to Mother's failure to receive appropriate prenatal care, T.F. suffered from bacterial sepsis, which required antibiotics for treatment.  T.F. also had a fractured upper right arm that possibly occurred in utero but was never adequately explained.

¶3        At the request of the Department of Child Safety ("DCS"), Mother submitted a hair follicle sample, which tested positive for methamphetamines and amphetamines.  DCS took temporary physical custody of T.F. and filed a dependency petition.  T.F. was later released from the hospital to a foster placement.  T.F. was found dependent as to Mother in July 2020, when Mother failed to appear for a contested hearing, where the court adopted a family reunification case plan.

¶4        DCS offered Mother reunification services, including substance-abuse assessment and treatment, random drug testing, behavioral health assessment and treatment, a parent aide, transportation, and visitation.  Mother failed to call in for drug testing, and besides the initial hair follicle, she did not submit any other samples for drug testing.  Mother closed out of her substance-abuse assessment and treatment referrals due to lack of contact.  Mother failed to show up for, or confirm, a majority of her visits and skill sessions.  Mother closed out unsuccessfully

from the parent-aide services and failed to enhance any of her sixteen diminished capacities.

**¶5**        Mother failed to appear for most of the court hearings, including the dependency hearing, report and review hearings, and a permanency planning hearing. In April 2021, DCS moved to terminate Mother's parental relationship on the basis of neglect, substance abuse, time-in-care for a period of six months or longer, and time-in-care for a period of nine months or longer. At the initial severance hearing, where Mother was present, the superior court set a date for the pretrial conference for the termination adjudication. The court warned Mother that if she failed to appear at the pretrial conference, the court could proceed to an adjudication of the issues in her absence.

**¶6**        At the pretrial conference, Mother was not present. The court found Mother had no good cause for her failure to appear and proceeded to a termination adjudication in her absence. Following the hearing, the superior court terminated the parental relationship on the grounds of substance abuse, abuse and neglect, time-in-care for a period of six months or longer, and time-in-care for a period of nine months or longer.

**¶7**        Mother timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 8-235(A), 12-120.21(A)(1), and -2101(A)(1).

## DISCUSSION

**¶8**        Mother argues the superior court failed to make the required findings of fact and conclusions of law in its termination ruling.

**¶9**        The superior court may terminate a parent-child relationship if it finds clear and convincing evidence of at least one statutory ground for termination under A.R.S. § 8-533(B), and that termination is in the child's best interests. *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 249, ¶ 12 (2000). "Every order of the court terminating the parent-child relationship . . . shall be in writing and shall recite the findings on which the order is based . . . ." A.R.S. § 8-538(A). The superior court is not required to list every single fact it relied upon in making its findings, but it must include the "essential and determinative facts on which the conclusion was reached." *Logan B. v. Dep't of Child Safety*, 244 Ariz. 532, 537, ¶ 15 (App. 2018) (internal quotation marks and citation omitted). We review de novo the sufficiency of findings of fact as a mixed question of fact and law. *Francine C. v. Dep't of Child Safety*, 249 Ariz. 289, 296, ¶ 14 (App. 2020).

¶10        Citing *Francine C.*, DCS contends Mother waived this argument by failing to raise it with the superior court.  However, *Francine C.* held that a party cannot waive the superior court's failure to include findings of fact in a dependency order.  249 Ariz. at 295-98, ¶¶ 12, 15-25.  Although DCS asks that we not apply *Francine C.* to this termination case, findings of fact in a termination order would appear to be at least as important as those in a dependency order.  Accordingly, and noting that a finding of waiver is discretionary, *Jessicah C. v. Dep't of Child Safety*, 248 Ariz. 203, 207, ¶¶ 18-21 (App. 2020) (citing cases), we will address the merits of Mother's arguments regarding the lack of necessary findings.

I.        Statutory Ground

¶11        Mother's rights were terminated based upon several statutory grounds, including substance abuse.  To support a termination on the grounds of substance abuse, the superior court must find that Mother's drug abuse is chronic, it hinders her ability to discharge her parental responsibilities, and it will continue for a prolonged indeterminate period.  A.R.S. § 8-533(B)(3).

¶12        The superior court included findings that T.F. tested positive for amphetamines and fentanyl at birth, which led to serious health complications, and Mother admitted to using illicit substances on the day of delivery.  The superior court also found that Mother has admitted a history of substance abuse, as well as recent and ongoing substance use throughout the termination and dependency proceedings.  The superior court also noted that Mother had not participated in a substance-abuse treatment program or demonstrated sobriety throughout the termination proceedings.  The court included findings that Mother submitted a hair follicle that tested positive for methamphetamines and amphetamines, Mother closed out of two substance-abuse treatment referrals due to lack of engagement, and Mother failed to submit to any random urinalysis tests.

¶13        Mother argues the court failed to include findings regarding her ability to discharge her parental responsibilities because of substance abuse.

¶14        Here, the record contains uncontested evidence that Mother has significant substance-abuse issues that hinder her ability to protect T.F., make appropriate decisions, and lead a stable life.  *See Raymond F. v. Ariz. Dep't of Econ. Sec.*, 224 Ariz. 373, 378, ¶¶ 20-22 (App. 2010) (finding the parent was unable to discharge his parental responsibilities where he did not make appropriate decisions, protect his children, or provide his

children with a safe home). Mother's substance-abuse issues have prevented her from obtaining employment or another form of income to support her child. Mother also admitted her home was not safe or suitable for her child. Further, Mother's drug abuse during her pregnancy and her failure to receive appropriate prenatal care led to T.F.'s health complications at birth.

¶15 The record clearly demonstrates Mother was unable to discharge her parental responsibilities because of substance abuse, and the superior court's remaining findings sufficiently support termination on the ground of substance abuse. Because the court need only find one ground to support a termination, we need not address the written findings related to the remaining statutory grounds. *See Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 3 (App. 2002).

## II. Best Interests

¶16 Finally, the superior court must find that termination is in the child's bests interests. *See Alma S. v. Dep't of Child Safety*, 245 Ariz. 146, 149-50, ¶ 8 (2018). The superior court included findings that termination was in T.F.'s best interests because "it would further the plan of adoption, which would provide the child with permanency and stability." The superior court further found that T.F. is currently in an adoptive placement that is meeting all of her needs. *See Bennigno R. v. Ariz. Dep't of Econ. Sec.*, 233 Ariz. 345, 350, ¶ 23 (App. 2013); *Audra T. v. Ariz. Dep't of Econ. Sec.*, 194 Ariz. 376, 377, ¶ 5 (App. 1998). The superior court noted that continuing the parent-child relationship would be detrimental to T.F. because the child would be left "to linger in care for an indeterminate period since [T.F.] does not have parents who are able to care for her." The superior court included the requisite findings. We find no error.

## CONCLUSION

¶17 For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA