NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

MARTINA M., *Appellant.*

*v.*

DEPARTMENT OF CHILD SAFETY, A.M., *Appellees.*

No. 1 CA-JV 18-0146
FILED 10-2-2018

---

Appeal from the Superior Court in Maricopa County
No. JD538024
The Honorable David J. Palmer, Judge

**AFFIRMED**

---

COUNSEL

Denise L. Carroll, Scottsdale
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Jennifer L. Holder
*Counsel for Appellee Department of Child Safety*

---

## MEMORANDUM DECISION

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Lawrence F. Winthrop joined.

---

**T H O M P S O N**, Judge:

¶1          Martina M. (mother) appeals from the trial court's order severing her parental rights to her son A.M.  For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

¶2          A.M. was born in November 2005.  In 2013, DCS received a report that A.M. and his younger siblings J.R. and P.M.[1] were being exposed to their father's methamphetamine use at home.  DCS did not remove the children but filed a petition for an in-home dependency and put services into place.  DCS established a safety plan for the children, including the condition that mother not allow father and her uncle in the home.[2] Subsequently, in early 2014, DCS visited mother's home and found the uncle there.  DCS removed the children from mother's home, and A.M. was placed in a group home.  The juvenile court found the children dependent in 2014 and set reunification as the case plan.

¶3          Mother's participation in services and visitation was inconsistent over the course of the dependency.  In December 2015, DCS filed a motion to terminate mother and father's parental rights to the children.[3]  After a contested severance hearing, the trial court denied the severance motion as to mother in September 2016, finding that DCS had failed to make sufficient reasonable efforts to preserve the family.  The court

---

[1]  The juvenile court additionally severed mother's parental rights to J.R. and P.M. but mother's appeal only concerns A.M.  In July 2018 we granted the state's motion to dismiss J.R. and P.M. from this appeal.

[2]  The uncle allegedly sexually abused P.M.

[3]  The juvenile court severed father's parental rights in 2016; he is not a party to this appeal.

ordered DCS to provide mother with services specifically targeted to address her mental health issues. Over the next year, mother was provided with supervised visitation, but she did not attend consistently. She was referred to Ph.D. level counseling in November 2016, and despite having been provided with transportation, failed to attend four out of eight sessions and was closed out. DCS referred mother for neuropsychological and best interests evaluations with Dr. Robert Mastikian, which were completed in March 2017. Dr. Mastikian diagnosed mother with a severe neurodevelopmental disorder and cognitive deficits, which together, he believed would place any child in mother's unsupervised care at risk of abuse or neglect. DCS referred mother to the Family Involvement Center in November 2016 for help with housing, parenting skills, and other services, but mother made "not much, if any, progress . . . due to . . . always appearing in 'crisis mode.'"

¶4            In September 2017, DCS filed a second motion to terminate mother's parental rights. After a contested severance hearing, the trial court severed mother's parental rights to the children pursuant to Arizona Revised Statutes (A.R.S.) §§ 8-533(B)(3) (2018) (mental illness or mental deficiency) and -533(B)(8)(c) (fifteen months' time in care). Mother timely appealed. (I. 124). We have jurisdiction pursuant to A.R.S. §§ 8-235(A) (2018), 12-120.21(A)(1) (2018), and 12-2101(A)(1) (2018).

## DISCUSSION

¶5            Mother raises one issue on appeal: whether the trial court erred when it found that severance of her parental rights was in A.M.'s best interests. She argues that the court should have denied the severance as to A.M. and changed A.M.'s case plan from severance and adoption to APPLA (alternative permanent placement living arrangement). She does not contest the trial court's findings that she was unable to discharge her parental responsibilities due to mental illness or deficiency, that reasonable grounds existed to believe the condition would continue for a prolonged, indeterminate period, or that A.M. had been in an out-of-home placement for more than fifteen months and mother substantially neglected or willfully refused to remedy the circumstances causing him to be in the out-of-home placement.

¶6            "We will not disturb the juvenile court's order severing parental rights unless its factual findings are clearly erroneous, that is, unless there is no reasonable evidence to support them." *Audra T. v. Ariz. Dep't of Econ. Sec.*, 194 Ariz. 376, 377, ¶ 2 (App. 1998) (citations omitted). We view the facts in the light most favorable to sustaining the juvenile court's

ruling. *Lashonda M. v. Ariz. Dep't of Econ. Sec.*, 210 Ariz. 77, 82, ¶ 13 (App. 2005). We do not reweigh the evidence, because "[t]he juvenile court, as the trier of fact in a termination proceeding, is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and make appropriate findings." *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 4 (App. 2002) (citation omitted). The juvenile court may terminate a parent-child relationship if DCS proves by clear and convincing evidence at least one of the statutory grounds set forth in A.R.S. § 8-533(B). *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 249, ¶ 12 (2000). The court must also find by a preponderance of the evidence that severance is in the child's best interests. *Kent K. v. Bobby M.*, 210 Ariz. 279, 284, ¶ 22 (2005).

¶7         Severance is in a child's best interests if he or she would benefit from severance or be harmed by continuation of the parent-child relationship. *Maricopa Cty. Juvenile Action No. JS–500274*, 167 Ariz. 1, 5 (1990). Relevant factors include whether the child's existing placement is meeting the child's needs, whether the child is adoptable, and whether an adoptive placement is immediately available. *Raymond F. v. Ariz. Dep't of Econ. Sec.*, 224 Ariz. 373, 379, ¶ 30 (App. 2010).

¶8         Mother argues that severance was not in A.M.'s best interests because he has a close bond with her and with his siblings, because there was no proof DCS would be able to find a permanent placement for A.M. who had been difficult to place, and that DCS failed to establish that A.M. would benefit from a severance or be harmed by a continued relationship with her. The evidence established that A.M. is adoptable and that his case manager was working with an adoptions recruiter who was diligently working to find a permanent placement for A.M. The case manager testified that if A.M.'s case plan was changed to something other than severance and adoption (such as Long-Term Foster Care or APPLA), DCS would not continue to seek an adoptive placement for A.M. Although the record is clear that mother has a bond with A.M., the existence and effect of a bonded relationship between a biological parent and a child, although a factor to consider, is not dispositive in addressing best interests. *See Bennigno R. v. Ariz. Dep't of Econ. Sec.*, 233 Ariz. 345, 351, ¶ 30 (App. 2013). Moreover, Dr. Mastikian's opinion that a child would be at risk of harm in mother's unsupervised care supports the trial court's conclusion that maintaining the parent-child relationship would be detrimental to A.M., who the trial court believed was "in dire need of permanency" after having been in care for over four years. Reasonable evidence in the record supports the court's best interests finding.

## CONCLUSION

¶9　　　For the foregoing reasons, we affirm the trial court's order severing mother's parental rights to A.M.



AMY M. WOOD • Clerk of the Court
FILED:　AA