NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

LARA S., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, O.S., O.S., *Appellees.*

No. 1 CA-JV 20-0220

FILED 12-3-2020

Appeal from the Superior Court in Maricopa County
No. JD21161
JS20335
The Honorable Robert Ian Brooks, Judge

**AFFIRMED**

COUNSEL

John L. Popilek, Scottsdale
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Sandra L. Nahigian
*Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge D. Steven Williams and Judge David D. Weinzweig joined.

---

**T H U M M A**, Judge:

¶1        Lara S. (Mother) challenges the superior court's order terminating her parental rights to her biological twin children. Because Mother has shown no error, the order is affirmed.

### FACTS AND PROCEDURAL HISTORY

¶2        Mother is 31 years old. She began using methamphetamines when she was 12. Other than when she has been incarcerated, Mother has not been sober for more than a year or two since then. Mother had three children before the twins. Her first child was born substance–exposed in late 2011, and the Department of Child Services (DCS) took custody of the child. Mother refused to participate in services, including for substance abuse, and her parental rights were terminated in late 2012. Mother's second child, V.F., was born substance–exposed in late 2018, and DCS took custody of the child. Again, Mother refused to participate in services and her parental rights to V.F. were terminated in early 2020, based on substance abuse, abandonment, six months' time-in-care and length of felony prison sentence. Mother's third child lives with his father in South Carolina; Mother's parental rights to that child have not been terminated.

¶3        In July 2019, Mother was arrested for absconding from probation (for a possession of heroin offense) and a new offense of unlawful flight from law enforcement. By that time, Mother had been on probation for more than eight years. She had participated in many outpatient substance abuse treatment programs, but continued to abuse drugs, showing "a lack of commitment to living a drug-free lifestyle." While in custody for the probation violation, Mother completed several counseling and substance-abuse treatment programs. Within a month of being released, however, Mother returned to using methamphetamine. In September 2019, Mother was sentenced to two years in prison, with an early release date in October 2020 and a maximum end date in April 2021.

**¶4** When initially incarcerated, Mother tested positive for opiates and apparently first learned she was pregnant with the twins, who were born in December 2019. DCS took custody of the twins soon after they were born and filed both a dependency petition and a petition to terminate her parental rights to the twins. DCS alleged two grounds for terminating parental rights: substance abuse and prior termination for the same cause within two years. DCS also alleged that termination would be in the best interests of the twins.

**¶5** At a one-day termination adjudication in July 2020, Mother testified she had been using drugs up until she was incarcerated in July 2019 and admitted she would have continued to use drugs if she had not been arrested, meaning her children would likely have been born substance-exposed. The court terminated Mother's parental rights to the twins on the grounds alleged and because termination would be in the twins' best interests. This court has jurisdiction over Mother's timely appeal pursuant to Article 6, Section 9 of the Arizona Constitution, Arizona Revised Statutes (A.R.S.) sections 8-235(A), 12-120.21(A) and 12-2101(A) and Arizona Rules of Procedure for the Juvenile Court 103–104 (2020).[1]

## DISCUSSION

**¶6** As applicable here, to terminate parental rights, a court must find by clear and convincing evidence that at least one statutory ground set out in A.R.S. § 8-533(B) has been proven and must find by a preponderance of the evidence that termination is in the best interests of the child. *See Kent K. v. Bobby M.*, 210 Ariz. 279, 288 ¶ 41 (2005); *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 249 ¶ 12 (2000). Because the superior court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts," this court will affirm an order terminating parental rights as long as it is supported by reasonable evidence. *Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 93 ¶ 18 (App. 2009) (citation omitted).

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

**I.  Mother Has Not Shown the Superior Court Erred in Finding Terminating Her Parental Rights to the Twins Was the "Same Cause" as the Prior Termination.**

¶7            The parent-child relationship may be terminated when a parent had her "parental rights to another child terminated within the preceding two years for the same cause and is currently unable to discharge parental responsibilities due to the same cause." A.R.S. § 8-533(B)(10); *see also Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 48–49 ¶¶ 11–13 (App. 2004). The "same cause" requirement refers to the same underlying factual cause that led to the prior termination. *See Mary Lou C.*, 207 Ariz. at 48 ¶ 11.

¶8            The court terminated Mother's parental rights to V.F. on various grounds, including chronic substance abuse. The court found Mother had a history of chronic substance abuse, beginning at age 12 and continuing until the trial. The court also found DCS made reasonable efforts to provide Mother with appropriate services (including substance–abuse treatment) but that Mother refused to participate. Given these findings, the court found Mother's substance abuse would remain an issue in the future.

¶9            DCS alleged that the cause for terminating Mother's parental rights to both V.F. and the twins included chronic substance abuse. In terminating Mother's parental rights to the twins, the court held that "[t]he cause of this termination [is] virtually indistinguishable from [V.F.'s] termination. Mother remains incarcerated, has not demonstrated that she can maintain sobriety outside of a controlled environment, and has maintained almost no contact with" DCS. Mother argues the fact that she is now addressing mental health issues underlying her substance abuse differentiates the present circumstances from those that led to the termination of her parental rights to V.F. However, the record supports the court's determination that Mother's chronic drug abuse would continue, finding "the path to parenting could be a period of years given her history of substance abuse." Accordingly, the court did not abuse its discretion in finding, by clear and convincing evidence, that Mother is currently unable to parent the twins because of the same cause that led to the termination of her parental rights to V.F.[2]

---

[2] Given this conclusion, this court need not address Mother's arguments regarding the other statutory ground found by the superior court. *See Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 251 ¶ 27 (2000).

## II. Mother Has Not Shown the Court Erred in Finding Termination Was in the Twins' Best Interests.

¶10      The best interests determination "focuses primarily upon the interest of the child, as distinct from those of the parent." *Kent K.*, 210 Ariz. at 287 ¶ 37. "[A] determination of the child's best interest[s] must include a finding as to how the child would benefit from a severance or be harmed by the continuation of the relationship." *Maricopa Cty. Juv. Action No. JS-500274*, 167 Ariz. 1, 5 (1990) (citing cases). A best interests finding may be based on "the immediate availability of an adoptive placement." *Audra T. v. Ariz. Dep't of Econ. Sec.*, 194 Ariz. 376, 377 ¶ 5 (App. 1998). Maintaining sibling relationships also supports a best interests finding. *See id.* at 378 ¶ 6.

¶11      Here, the twins and V.F. currently are in a familial placement that is looking to adopt the twins. Although Mother has made some progress in addressing her mental health issues, the court found that delaying permanency for an extended (and perhaps indefinite) period was not in the twins' best interests. *See In re. Maricopa Cty. Juv. Action No. JS-501568*, 177 Ariz. 571, 577 (App. 1994). Accordingly, Mother has not shown the court erred in finding that DCS proved termination was in the twins' best interests.

## CONCLUSION

¶12      The superior court's order terminating Mother's parental rights to the twins is affirmed.

