NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

IN RE TERMINATION OF PARENTAL RIGHTS AS TO N.M.

No. 1 CA-JV 23-0037
FILED 8-08-2023

Appeal from the Superior Court in Maricopa County
No. JD30235
The Honorable Christopher Whitten, Judge

**AFFIRMED**

COUNSEL

Law Office of Ed Johnson, PLLC, Peoria
By Edward D. Johnson
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Bailey Leo
*Counsel for Appellee Department of Child Safety*

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which
Presiding Judge James B. Morse Jr. and Judge Brian Y. Furuya joined.

**B A I L E Y**, Judge:

¶1 Krystal K. ("Mother") appeals the termination of her parental rights to N.M. ("the child"). For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2 Mother and Jesse M. ("Father") are the biological parents of the child, who was born substance-exposed to methamphetamine and amphetamines in June 2021.[1] Mother also tested positive for amphetamines and admitted using methamphetamine the day of the child's birth, stating, "I know for sure that is what induced my labor."

¶3 Soon after the child's birth, the Department of Child Safety ("DCS") filed a dependency petition based on Mother's failure to provide proper and effective parental care and control due to her substance abuse. DCS also alleged that Mother's eighteen-year substance abuse history had contributed to the termination of her parental rights to her other two children in 2016. In July 2021, DCS placed the child—who had spent forty-three days in the hospital—with her paternal cousins, who were willing to adopt her.

¶4 Mother pled no contest to the allegations in the dependency petition. In support of the family reunification case plan, DCS offered Mother substance abuse treatment, drug testing, parenting classes, transportation, case management, and supervised visitation, but she participated in services only sporadically.

¶5 Mother began inpatient substance abuse treatment in July 2021 but checked out the same day, and she missed her intake appointment for a different inpatient program a few weeks later. Mother completed intake for outpatient treatment in September 2021, then failed to participate consistently. At the outpatient provider's recommendation, Mother checked into another inpatient treatment facility, but she left during the treatment planning process. All told, Mother never spent more than four days in inpatient treatment before checking herself out.

¶6 Mother tested positive for methamphetamine and amphetamines in July, September, October, and November 2021, and then stopped submitting to drug tests. In July 2022, DCS moved to terminate Mother's parental rights based on chronic substance abuse and six- and nine-months out-of-home placement grounds.

---

[1] Although the superior court also terminated Father's parental rights, he is not a party to this appeal.

¶7            Meanwhile, in June 2022, Mother self-referred to services offered by SAGE and began substance abuse and parenting classes. During the next six months, Mother completed ten group sessions in both areas, and in December 2022, she was successfully discharged from the program. However, despite the ongoing requirement that she test twice weekly, Mother did not submit to any drug tests while participating in these classes, and she tested positive for methamphetamine and amphetamines the same month she graduated. Although Mother testified that she has been sober since December 3, 2022, she failed to submit to any drug tests between her positive test in late December 2022 and the termination hearing five weeks later. Throughout DCS' involvement with the child, Mother submitted to drug testing only eight times, testing negative just once.

¶8            On February 1, 2023, the superior court held the termination hearing. After taking the matter under advisement, the court severed Mother's parental rights to the child on each alleged ground.

¶9            We have jurisdiction over Mother's timely appeal under Article 6, Section 9, of the Arizona Constitution, Arizona Revised Statutes ("A.R.S.") sections 8-235(A), 12-120.21(A)(1), and -2101(A)(1), and Rule 601 of the Arizona Rules of Procedure for the Juvenile Court.

## DISCUSSION

### I.      Chronic Abuse of Dangerous Drugs or Controlled Substances

¶10          Mother argues that the court disregarded evidence that she remedied her substance abuse.

¶11          To terminate parental rights, a court must find clear and convincing evidence of at least one statutory ground in A.R.S. § 8-533(B) and must find by a preponderance of the evidence that termination is in the child's best interests. *See Kent K. v. Bobby M.*, 210 Ariz. 279, 288, ¶ 41 (2005); *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 249, ¶ 12 (2000). Because the superior court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts," we will affirm an order terminating parental rights if it is supported by reasonable evidence. *Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 93, ¶ 18 (App. 2009) (quoting *Ariz. Dep't of Econ. Sec. v. Oscar O.*, 209 Ariz. 332, 334, ¶ 4 (App. 2004)).

¶12          The superior court may terminate parental rights under A.R.S. § 8-533(B)(3) if "the parent is unable to discharge parental responsibilities because of . . . a history of chronic abuse of dangerous drugs,

controlled substances or alcohol and there are reasonable grounds to believe that the condition will continue for a prolonged indeterminate period."

**¶13**		A parent's substance abuse "need not be constant to be considered chronic." *Raymond F. v. Ariz. Dep't of Econ. Sec.*, 224 Ariz. 373, 377, ¶ 16 (App. 2010). Abstinence in the period immediately preceding the termination hearing does not outweigh a significant history of drug abuse or inability to remain sober during much of the case. *See Jennifer S. v. Dep't of Child Safety*, 240 Ariz. 282, 288, ¶ 25 (App. 2016).

**¶14**		Mother essentially asks us to reweigh the evidence, something we will not do. *See Alma S. v. Dep't of Child Safety*, 245 Ariz. 146, 151, ¶ 18 (2018). Even accepting Mother's self-reported weeks of sobriety preceding the termination hearing, reasonable evidence supports the superior court's finding by clear and convincing evidence that Mother's substance abuse is chronic and will likely continue for a prolonged indeterminate period. *See Raymond F.*, 224 Ariz. at 378-79, ¶¶ 24–29 (holding that there was reasonable evidence for the superior court to conclude the parent's chronic drug use was likely to continue despite four months of negative drug tests leading up to the termination hearing). Mother's substance abuse dates back many years, and she concedes she has "a lengthy history of abusing controlled substances, namely methamphetamines," punctuated by brief intermittent periods of sobriety.

**¶15**		In 2015, Mother tested positive for methamphetamine, and she continued to use that drug during her prior dependency, during her pregnancy with the child, and throughout 2021, as evidenced by the positive tests she submitted before she quit testing altogether for the next year. Mother failed to test for drugs while attending SAGE classes and tested positive for methamphetamine just after she was discharged from the SAGE program. Before SAGE, she failed to engage consistently in treatment by repeatedly checking in and out of treatment facilities. And after testing positive for drugs at the end of December 2022, Mother failed to submit to any drug testing in the weeks just before the termination hearing. Indeed, Mother made no good-faith effort to establish sobriety through consistent drug testing, despite DCS providing her the opportunity to engage in such testing and other services designed to help her overcome her substance abuse and parenting deficits.

**¶16**		Even considering Mother's SAGE participation, the record supports the superior court's finding that she had not shown consistent sobriety to the extent necessary to overcome her history of chronic

substance abuse.  The superior court did not err in terminating Mother's rights to the child based on the statutory ground of chronic substance abuse.[2]

## II.  Best Interests of the Child

**¶17**         Mother also challenges the superior court's finding that termination is in the child's best interests.  Mother contends that her recent life changes, including remedying her homelessness and finding employment, defeat the court's finding.  We disagree.

**¶18**         In determining what is in the child's best interests "the child's interest in obtaining a loving, stable home, or at the very least avoiding a potentially harmful relationship with a parent, deserves at least as much weight as that accorded the interest of the unfit parent in maintaining parental rights." *Kent K.*, 210 Ariz. at 287, ¶ 37.

**¶19**         The best-interests determination must include a finding that the child would benefit from a termination or be harmed by the continuation of the relationship. *Mario G. v. Ariz. Dep't of Econ. Sec.*, 227 Ariz. 282, 288, ¶ 26 (App. 2011), *abrogated on other grounds by Sandra R. v. Dep't of Child Safety*, 248 Ariz. 224 (2020).  "[C]ourts must consider the totality of the circumstances existing at the time of the severance determination, including the child's adoptability and the parent's rehabilitation." *Alma S.*, 245 Ariz. at 148, ¶ 1.  Factors favoring severance include the immediate availability of an adoptive placement and whether the current placement is meeting the child's needs. *Audra T. v. Ariz. Dep't of Econ. Sec.*, 194 Ariz. 376, 377, ¶ 5 (App. 1998); *Bennigno R. v. Ariz. Dep't of Econ. Sec.*, 233 Ariz. 345, 350, ¶ 23 (App. 2013).

**¶20**         Mother does not challenge the superior court's findings that the child is adoptable and that the current placement is meeting the child's needs.  And though Mother obtained housing in October 2022—after being homeless throughout the dependency—Father was included on the apartment's lease agreement and lived there "[o]n and off," despite his continued substance abuse and what Mother described as the parties'

---

[2]         Because we find clear and convincing evidence of chronic substance abuse, we do not address Mother's arguments related to the out-of-placement grounds. *See Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 3 (App. 2002).

"toxic" relationship.[3] Mother also did not provide proof of her claimed part-time income to show she could independently provide for the child. Reasonable evidence supports the superior court's finding that a continued parent-child relationship would be detrimental to the child because Mother's chronic substance use will perpetuate concerns about a relapse, thereby creating instability and insecurity for the child, despite Mother's recent "minimal efforts."

¶21         The superior court did not err in finding that termination is in the child's best interests.

## CONCLUSION

¶22         Because reasonable evidence supports the superior court's order terminating Mother's parental rights, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:         JT

---

[3]         Mother claimed Father was a "trigger" for her substance abuse and that she was obtaining a protective order against him but provided no documentation of such an order.